944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen GOODYEAR, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-7070.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 17, 1991.
 
 Before McKAY, JOHN P. MOORE and BRORBY, Circuit Judges.
 
 
 1
 CONSENT JUDGMENT AND ORDER*
 
 PER CURIAM
 
 2
 This matter is before the court for entry of judgment in accordance with the attached stipulation. Upon the basis of that stipulation,
 
 IT IS ORDERED:
 
 3
 1) the judgment of the United States District Court for the Eastern District of Oklahoma in Case No. 90-205-S is vacated and the matter is remanded to the district court with instructions to remand the matter to the Secretary of Health and Human Services for further administrative proceedings pursuant to 42 U.S.C. § 405(g);
 
 
 4
 2) on remand to the Secretary, plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. and §§ 1381 et seq., are to be readjudicated consistent with the terms of the parties' stipulation;
 
 
 5
 3) this appeal is dismissed;
 
 
 6
 4) each party shall bear its own costs; and
 
 
 7
 5) the mandate shall enter forthwith.
 
 ATTACHMENT
 STIPULATION
 
 8
 (Sept. 3, 1991)
 
 
 9
 It is hereby stipulated, by and between the parties in this action, that this appeal be withdrawn and that this case be remanded to the Secretary of Health and Human Services (the "Secretary") for further administrative proceedings pursuant to 42 U.S.C. § 405(g). Appellant has submitted additional evidence, which consists of reports of medical examinations and the report of a fusion procedure performed between August 1989 and November 1990. This additional evidence is new and material and it could not have been previously considered by the Administrative Law Judge (ALJ) when he issued his decision on June 29, 1989. Therefore, appellant has satisfied the good cause requirements for remand under 42 U.S.C. § 405(g)
 
 
 10
 On remand, appellant's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, respectively, will be readjudicated. The Secretary will remand the case to an ALJ in order to obtain updated medical reports and treatment notes from appellant's treating sources. The ALJ will also obtain an orthopedic consultative examination with a medical assessment. Further, the ALJ will obtain the testimony of a medical expert to clarify the nature and severity of appellant's impairments, and the associated limitations throughout the entire period at issue. Finally, the ALJ will reevaluate appellant's residual functional capacity and subjective complaints in light of all the evidence of record.
 
 
 11
 /s/ MARK E. BUCHNER
 
 ATTORNEY FOR APPELLANT
 3726 South Peoria, Suite 26
 Tulsa, Oklahoma 74105
 
 12
 JOHN W. RALEY, JR.
 
 United States Attorney
 GAYLA FULLER
 Chief Counsel
 KAREN J. SHARP
 Chief, Social Security Branch
 
 13
 /s/ SCHOEMANN
 
 Assistant Regional Counsel
 Office of the General Counsel
 Department of Health and Human Services
 1200 Main Tower, Suite 1330
 Dallas, Texas 75202
 Telephone: (FTS) 729-3212
 
 14
 (214)767-3212
 
 ATTORNEYS FOR APPELLEE
 
 
 *
 This judgment and order does not constitute an adjudication of the merits of the case; it is entered only to effectuate settlement pursuant to the agreement of the parties. This judgment and order has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3